THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. SCOT WADE MEECE, Defendant-Appellee (Jim Edgar, Secretary of State, Intervenor-Appellant).

Fourth District   No. 4—87—0144

Opinion filed November 19, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Diane Curry-Grapsas, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The Secretary of State (Secretary) appeals a trial court order granting a judicial driving permit to Scot Meece. The Secretary argues the trial court's action was beyond the scope of section 6—206.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1). We agree and reverse the trial court's order.

On October 10, 1986, Meece was arrested for driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501), and subsequently, his driving privileges were suspended for three months (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). The suspension became effective on November 26, 1986, and terminated on February 24, 1987. On December 15, 1986, Meece filed a petition for a judicial driving permit. He alleged it would be difficult for him to remain a full-time student and maintain his baseball and athletic schedule without driving privileges. Meece attended Illinois State University and lived in Normal, Illinois, when he filed the petition.

On January 15, 1987, the trial court granted the petition. However, on January 27, 1987, the Secretary returned the order to the issuing court, noting it would not issue a judicial driving permit based upon it since the privileges designated within it were beyond the scope of the law.

■■ ■ Initially, the propriety of this court's addressing the issuance of the judicial driving permit must be addressed. Meece's driving

privileges under the statutory summary suspension were restored on February 24, 1987. A moot question is one that has existed but which, because of the happening of certain events, has ceased to exist. The question no longer poses an actual controversy over the rights of any party. (*First National Bank v. Trail Ridge Farm, Inc.* (1986), 143 Ill. App. 3d 244, 492 N.E.2d 1030; *People ex rel. Hartigan v. Illinois Commerce Comm'n* (1985), 131 Ill. App. 3d 376, 475 N.E.2d 635.) A court should not resolve a question merely for the sake of setting precedent or to govern future cases. (*People ex rel. Hartigan v. Illinois Commerce Comm'n* (1985), 131 Ill. App. 3d 376, 475 N.E.2d 635.) However, an exception to the mootness doctrine exists where the issue is likely to recur and because of the short duration of the action involved, it would ordinarily terminate before the question could be resolved by an appellate court. (*People v. Bailey* (1983), 116 Ill. App. 3d 259, 452 N.E.2d 28; *August H. Skoglund Co. v. Illinois Department of Transportation* (1978), 67 Ill. App. 3d 276, 384 N.E.2d 849.) This exception applies in the instant case.

The appellee has not filed a brief in this court. However, the record is simple and the issues are clear. Therefore, we will address the merits of the appeal. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) Section 6—206.1(B) of the Code states:

> "Declaration of Policy. It is hereby declared a policy of the State of Illinois that the driver who is impaired by alcohol or other drugs is a threat to the public safety and welfare. Therefore, to provide a deterrent to such practice and to remove problem drivers from the highway, a statutory summary driver's license suspension is appropriate. It is also recognized, that driving is a privilege and that in some cases the granting of limited driving privileges, within the bounds of public safety, is warranted during this period of driver's license suspension in the form of a judicial driving permit to allow the person to continue *employment and drive in connection with other necessary activities related to receiving drug treatment or medical care, where no alternative means of transportation is available.*" (Emphasis added.) Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1(B).

█■ ■ It is a fundamental rule of statutory construction that the language of the statute should be given its plain and ordinary meaning. The legislative language provides the best indication of the legislative intent in enacting the statute. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 498 N.E.2d 1102.) Here, the clear import of the statute is

that a judicial driving permit should only be granted to enable a suspended driver to continue employment or to travel related to receiving drug treatment or medical care where no alternative means of transportation is reasonably available. (Ill. Rev. Stat, 1986 Supp., ch. 95½, pars. 6—206.1(B)(a)(1), (B)(a)(2).) The only reasons for the judicial driving permit in the instant case were to enable Meece to travel to school and athletic events. These are insufficient bases under the statute.

For the above reasons, we reverse the trial court.

Reversed.

GREEN and LUND, JJ., concur.