THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JAN D. BOYD, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Fourth District   No. 4—90—0657

Opinion filed March 28, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Susan Frederick Rhodes, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On August 12, 1990, the circuit court of Adams County issued an order directing the Secretary of State (Secretary) to issue defendant Jan Boyd a judicial driving permit (JDP). The Secretary now appeals, alleging this order was erroneously entered.

On May 26, 1990, defendant was arrested for the offense of driving under the influence of alcohol (DUI). (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.) He took a breath test, with results showing an alcohol concentration in excess of 0.10. Accordingly, he received a statu-

tory summary suspension effective from July 12, 1990, to October 12, 1990. (See Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501.1, 6—208.1.) On July 10, 1990, defendant filed a petition seeking a JDP. On July 24, 1990, defendant pleaded guilty to the DUI offense and was placed on probation for a one-year period. At the same time, the court, granting the petition for a JDP for a period from August 12, 1990, to October 12, 1990, entered an order directing the Secretary to issue it to defendant. The Secretary objected. The court, pursuant to the Secretary's request, reconsidered the matter and reaffirmed its earlier order. The Secretary now appeals.

■■ At the outset, we note that appellee has not filed a brief in this court. However, since the record is simple and the issues are clear, we will address the merits of the case. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) We are also aware this case may appear moot. However, due to the short duration of the action involved and the fact this particular issue is likely to recur again, an exception to the mootness doctrine is applicable. See *People v. Meece* (1987), 162 Ill. App. 3d 658, 660, 515 N.E.2d 1321, 1322.

The Secretary argues that the court was without authority to enter the order granting the JDP because defendant's driving privileges were revoked due to his guilty plea to the DUI. We agree and reverse.

Section 6—206.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1) sets forth the requirements and procedures to be used when a driver, who has received a statutory summary suspension, seeks a JDP. Of relevance to the current inquiry is section 6—206.1(a)(4)(iii), which provides:

"Any person whose privilege to operate a motor vehicle was invalid at the time of arrest for the current violation of Section 11—501, or a similar provision of a local ordinance, except in cases where the cause for a driver's license suspension has been removed at the time a JDP is effective. *In any case, should the Secretary of State enter a suspension or revocation of driving privileges pursuant to the provisions of this Code while the JDP is in effect or pending, the Secretary shall take the prescribed action and provide a notice to the person and the court ordering the issuance of the JDP that all driving privileges, including those provided by the issuance of the JDP, have been withdrawn.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1(a)(4)(iii).

In the case at bar, since defendant's driving privileges were valid at the time of the arrest, the first sentence is inapplicable. However, the record shows that, pursuant to defendant's guilty plea to the DUI, the Secretary entered the mandatory order revoking defendant's driving privileges (see Ill. Rev. Stat. 1989, ch. 95½, par. 6—205(a)(2)) on August 8, 1990. On August 13, 1990, the Secretary received the court's order granting defendant's JDP. Obviously, by that time, defendant's driving privileges were revoked and the second sentence of section 6—206.1(a)(iii) became applicable. The Secretary then notified the court of this problem, but the court persisted in entering this order. Clearly, the court was mistaken in doing so.

■■ The statutory summary suspension is a temporary suspension of a driver's privileges upon his arrest for DUI when he has refused a breath test or shows an alcohol level of 0.10 or more. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1.) This suspension is unrelated to the ultimate disposition of the underlying DUI violation. (See *People v. Meyer* (1988), 166 Ill. App. 3d 1030, 520 N.E.2d 1244.) To relieve undue hardship, the Code allows the court to order the Secretary to issue a JDP to qualifying individuals. (Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1.) This JDP is effective for a portion of the statutory summary suspension period and gives the driver limited driving privileges during that time. However, it is clear the JDP is only effective for statutory summary suspensions. (See Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1(a).) It can have no impact on any other suspension or revocation authorized by the Code. Therefore, if a driver's underlying driving privileges are lost for another reason and he also has received a statutory summary suspension, the court cannot issue a JDP and any JDP already issued is invalid because there are no driving privileges to be allowed to be used. This is clearly the import of section 6—206.1(a)(4)(iii).

Much of the confusion in this case can be placed on the notice the Secretary sent to the court. In the notice, the Secretary indicated why it believed the order issuing the JDP was improper. It then concluded with a paragraph asking the court to reconsider its order and stating:

"If the Judge wishes to again officially order the issuance of the JDP, we will issue the permit and make the appropriate entries to our official records."

Thus, by this language, the notice suggests the court could still order issuance of the JDP.

However, the second sentence of section 6—206.1(a)(4)(iii) does not indicate that the Secretary is to notify the court of the loss of privi-

leges and ask the court to reconsider its order. It simply states that the Secretary is to notify the driver and the court that the driver's driving privileges, including any pursuant to the JDP, are lost.

■ Once the driving privileges are lost, for reasons other than the statutory summary suspension, the Secretary's regular procedures are invoked. That means the Secretary is required to give the driver notice of this action pursuant to section 6—209 of the Code. (Ill. Rev. Stat. 1989, ch. 95½, par. 6—209.) We conclude this notice, which in these circumstances must also be given to the court, will also suffice for the notice requirements of section 6—206.1(a)(4)(iii). This notice is just that—a notice. It is not a request or a suggestion to the court that any hearing be held to reconsider an order. It is simply a notice to the court that any JDP entered or to be entered is invalid because the driver's underlying driving privileges have been suspended or revoked.

For the reasons mentioned above, it is clear, since defendant's privileges were revoked on August 8, 1990, that the entry of the order by the circuit court of Adams County directing the Secretary to issue a JDP was error.

Reversed.

SPITZ and KNECHT, JJ., concur.