THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. ALAN JO DOBRINICK, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Fourth District   No. 4—90—0829

Opinion filed June 18, 1991.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellant.

Willoughby & Latshaw, P.C., of Decatur (K. Michael Latshaw, of counsel), for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On September 26, 1990, the circuit court of De Witt County issued an order directing the Secretary of State (Secretary) to issue defendant Alan Dobrinick a judicial driving permit (JDP). The Secretary now appeals, alleging this order was erroneously entered.

On August 18, 1990, defendant was arrested for the offense of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501). He took a breathalyzer test, with the results showing an alcohol concentration in excess of 0.10. Accordingly, he received a statutory summary suspension effective from October 3, 1990, until January 3, 1991. (See Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501.1, 6—208.1.) On September 12, 1990, defendant filed a petition seeking a JDP. On September 26, 1990, the court, granting the petition for the period from November 2, 1990, to January 3, 1991, entered an order directing the Secretary to issue it to defendant. The Secretary objected, advising the court of the fact that defendant's driving privileges were suspended for 12 months, effective October 5, 1990, for repeated moving violations. The court, pursuant to the Secretary's request, reconsidered the matter and reaffirmed its earlier order. The Secretary now appeals.

Defendant initially argues this case is moot since the period of the JDP has obviously elapsed. However, due to the short duration

of the action involved and the fact that this particular issue is likely to recur again, an exception to the mootness doctrine is applicable. See *People v. Meece* (1987), 162 Ill. App. 3d 658, 660, 515 N.E.2d 1321, 1322.

The Secretary argues that the court was without authority to enter the order granting the JDP because defendant's driving privileges were suspended during the entire period in question for repeated moving violations. We agree and reverse.

Unfortunately, neither the trial court nor counsel had the benefit of our recent decision in *People v. Boyd* (1991), 211 Ill. App. 3d 99, 570 N.E.2d 8, which resolved this question. In that case, defendant pleaded guilty to the DUI, which resulted in his driving privileges being revoked. The court then granted defendant's request for a JDP which covered part of the period in which defendant's driving privileges were revoked.

■ We observed that section 6—206.1(a)(4)(iii) of the Illinois Vehicle Code (Code) provides:

> "In any case, should the Secretary of State enter a suspension or revocation of driving privileges pursuant to the provisions of this Code while the JDP is in effect or pending, the Secretary shall take the prescribed action and provide a notice to the person and the court ordering the issuance of the JDP that all driving privileges, including those provided by the issuance of the JDP, have been withdrawn." (Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1(a)(4)(iii).)

We concluded, therefore, that a JDP could not be granted when the defendant's driving privileges are lost for reasons other than the statutory summary suspension. *Boyd*, 211 Ill. App. 3d at 101, 570 N.E.2d at 9.

■ The underpinning of the *Boyd* decision was the relationship between a summary suspension, the JDP, and the regular driving privileges. We explained:

> "The statutory summary suspension is a temporary suspension of a driver's privileges upon his arrest for DUI when he has refused a breath test or shows an alcohol level of 0.10 or more. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1.) This suspension is unrelated to the ultimate disposition of the underlying DUI violation. (See *People v. Meyer* (1988), 166 Ill. App. 3d 1030, 520 N.E.2d 1244.) To relieve undue hardship, the Code allows the court to order the Secretary to issue a JDP to qualifying individuals. (Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1.) This JDP is effective for a portion of the statutory summary suspension period and gives the driver limited driving privileges during that

time. However, it is clear the JDP is only effective for statutory summary suspensions. (See Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1(a).) It can have no impact on any other suspension or revocation authorized by the Code. Therefore, if a driver's underlying driving privileges are lost for another reason and he also has received a statutory summary suspension, the court cannot issue a JDP and any JDP already issued is invalid because there are no driving privileges to be allowed to be used. This is clearly the import of section 6—206.1(a)(4)(iii)." (*Boyd*, 211 Ill. App. 3d at 101, 570 N.E.2d at 9.)

The fact that the present case involves a suspension of the underlying driving privileges, rather than a revocation, obviously does not affect this analysis or change the conclusion.

■■ Again, much of the confusion in this case, as in *Boyd*, was created by the notice that the Secretary sent to the court. There, we endeavored to clarify the situation by stating:

"In the notice, the Secretary indicated why it believed the order issuing the JDP was improper. It then concluded with a paragraph asking the court to reconsider its order and stating:

'If the Judge wishes to again officially order the issuance of the JDP, we will issue the permit and make the appropriate entries to our official records.'

Thus, by this language, the notice suggests the court could still order issuance of the JDP.

However, the second sentence of section 6—206.1(a)(4)(iii) does not indicate that the Secretary is to notify the court of the loss of privileges and ask the court to reconsider its order. It simply states that the Secretary is to notify the driver and the court that the driver's driving privileges, including any pursuant to the JDP, are lost.

Once the driving privileges are lost, for reasons other than the statutory summary suspension, the Secretary's regular procedures are invoked. *That means the Secretary is required to give the driver notice of this action pursuant to section 6—209 of the Code.* (Ill. Rev. Stat. 1989, ch. 95½, par. 6—209.) *We conclude this notice, which in these circumstances must also be given to the court, will also suffice for the notice requirements of section 6—206.1(a)(4)(iii).* This notice is just that—a notice. It is not a request or a suggestion to the court that any hearing be held to reconsider an order. It is simply a notice to the court that any JDP entered or to be entered is invalid because the driver's underlying driving privileges have been suspended or

revoked." (Emphasis added.) *Boyd*, 211 Ill. App. 3d at 101-02, 570 N.E.2d at 9-10.

For the above-mentioned reasons, it is clear that since the suspension of defendant's driving privileges for repeated moving violations was effective prior to (and remained in effect for the duration of) the period of the JDP, the entry of the order of the circuit court of De Witt County directing the Secretary to issue a JDP was error.

Reversed.

McCULLOUGH and KNECHT, JJ., concur.