THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. MICHAEL PIAT, Defendant-Appellee (George H. Ryan, Secretary of State, Appellant).

Second District No. 2—91—0755

Opinion filed September 4, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for appellant.

Bryan R. Winter, of Fuqua, Winter, Stiles & Anderson, Ltd., of Waukegan, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The Illinois Secretary of State (Secretary) appeals from an order of the circuit court of Lake County, traffic division, directing the

Secretary to issue a judicial driving permit (JDP) to the defendant, Michael Piat.

At issue is whether the circuit court erred in ordering the Secretary of State to issue a JDP to defendant after the Secretary had ordered a discretionary suspension of defendant's driving privileges pursuant to section 6—206(a)(31) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat., 1990 Supp., ch. 95½, par. 6—206(a)(31)). Hereafter, all statutory references will refer to the Code unless otherwise indicated. Resolution of this issue involves a legal interpretation of section 6—206(a)(31) of the Code.

On March 2, 1991, following a motor vehicle accident, defendant was arrested and charged under section 11—501 (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501) for driving under the influence of alcohol (DUI). On April 17, 1991, defendant's driver's license was summarily suspended pursuant to section 11—501.1 (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1), commonly referred to as a statutory summary suspension. On the same date, the Secretary, pursuant to section 6—206(a)(31), also ordered a discretionary suspension of defendant's driving privileges. On April 30, 1991, the circuit court, pursuant to the court's authority set forth in sections 11—501.1 and 6—206.1 (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501.1, 6—206.1), issued defendant a JDP. On May 10, 1991, the court order contained a finding that, except for the statutory summary suspension, defendant had valid driving privileges at the time of the court hearing. On May 10, 1991, the Secretary advised the circuit court by letter that defendant was not entitled to a JDP because, in addition to the summary suspension based on section 11—501.1, defendant's driver's license was also suspended by the Secretary pursuant to his discretionary powers set forth in section 6—206(a)(31). On May 28, 1991, the circuit court reconsidered the matter and again ordered the Secretary to issue a JDP. The Secretary appeals from the May 28, 1991, order.

The Secretary argues that the circuit court has the statutory authority to issue a JDP only when the suspension of driving privileges is a statutory summary suspension pursuant to section 11—501.1. Defendant argues that the circuit court did not err because section 6—206(a)(31) specifically provides that the penalties associated therewith shall be as prescribed by section 6—208.1 which, by its section 6—208(e) language, authorizes the circuit court to issue a JDP.

Section 11—501.1 provides, *inter alia*, for the statutory summary suspension of a person's driving privileges upon failure to take a chemical test intended to determine the alcohol, other drug, or combination thereof content of such person's blood, if arrested for offenses

defined in section 11—501 or a similar provision of a local ordinance. Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(a).

■ Section 6—206.1 sets forth the requirements and procedures to be followed by a driver seeking a JDP. With reference to the case before us, section 6—206.1(a)(4)(iii) provides:

"The Court shall not issue an order granting a JDP to:

\* \* \*

(iii) Any person whose privilege to operate a motor vehicle was invalid at the time of arrest for the current violation of Section 11—501, or a similar provision of a local ordinance, except in cases where the cause for a driver's license suspension has been removed at the time a JDP is effective. In any case, should the Secretary of State enter a suspension or revocation of driving privileges pursuant to the provisions of this Code while the JDP is in effect or pending, the Secretary shall take the prescribed action and provide a notice to the person and the court ordering the issuance of the JDP that all driving privileges, including those provided by the issuance of the JDP, have been withdrawn." Ill. Rev. Stat. 1989, ch. 95½, par. 6—206(a)(4)(iii).

Section 6—206 provides the Secretary with discretionary authority to suspend or revoke a person's driver's license. (Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.) Section 6—206(a)(31), which the Secretary utilized to suspend defendant's JDP, states:

"The Secretary of State is authorized to suspend or revoke the driving privileges of any person without preliminary hearing upon a showing of such person's records or other sufficient evidence that such person:

\* \* \*

31. Beginning on January 1, 1991, has refused to submit to a test as required by Section 11—501.6 or has submitted to such a test resulting in an alcohol concentration of 0.10 or more in which case the penalty shall be as prescribed in Section 6—208.1." Ill. Rev. Stat., 1990 Supp., ch. 95½, par. 6—206(a)(31).

Section 11—501.6 provides for the chemical testing of a driver who has been involved in a personal injury or fatal motor vehicle accident for the purpose of determining the alcohol or other drug content of such person's blood. (Ill. Rev. Stat., 1990 Supp., ch. 95½, par. 11—501.6.) Section 11—501.6(a) states, in part:

"Compliance with this Section does not relieve such person from the requirements of Section 11—501.1 of this Code." (Ill. Rev. Stat., 1990 Supp., ch. 95½, par. 11—501.6(a).)

Both sections 11—501.6 and 6—206(a)(31) became effective January 1, 1991, and focus on an intoxicated driver involved in a personal injury or fatal motor vehicle accident.

Section 6—208.1 establishes the time period for various types of statutory alcohol or other drug-related suspensions. Section 6—208.1(e) provides:

"Following a statutory summary suspension of driving privileges pursuant to Section 11—501.1, for a first offender, the circuit court may, after at least 30 days from the effective date of the statutory summary suspension, issue a judicial driving permit as provided in Section 6—206.1." Ill. Rev. Stat. 1989, ch. 95½, par. 6—208.1(e).

In legal support of its position that the trial court erred in ordering the issuance of a JDP, the Secretary cites the cases of *People v. Boyd* (1991), 211 Ill. App. 3d 99, and *People v. Dobrinick* (1991), 215 Ill. App. 3d 144. In *Boyd*, defendant was arrested for an alleged violation of section 11—501. He took a breath test, with results showing an alcohol concentration in excess of 0.10, and accordingly received a statutory summary suspension from July 12, 1990, to October 12, 1990. On July 24, 1990, defendant pleaded guilty to the DUI offense and was placed on one year's probation. At the same time, the court granted his petition for a JDP for the period of August 12 to October 12, 1990. The Secretary refused to grant the JDP because defendant's driving privileges were revoked due to his guilty plea to the DUI (see Ill. Rev. Stat. 1989, ch. 95½, par. 6—205(a)(2)). In upholding the Secretary's refusal to grant defendant a JDP, the appellate court stated:

"However, it is clear the JDP is only effective for statutory summary suspensions. (See Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1(a).) It can have no impact on any other suspension or revocation authorized by the Code. Therefore, if a driver's underlying driving privileges are lost for another reason and he also has received a statutory summary suspension, the court cannot issue a JDP and any JDP already issued is invalid because there are no driving privileges to be allowed to be used. This is clearly the import of section 6—206.1(a)(4)(iii)." *Boyd*, 211 Ill. App. 3d at 101.

In *Dobrinick*, defendant was arrested on August 16, 1990, for DUI. His breathalyzer test showed an alcohol concentration in excess

of 0.10, and accordingly he received a statutory summary suspension from October 3, 1990, to January 3, 1991. On September 26, 1990, on defendant's petition, the trial court granted him a JDP for the period of November 2, 1990, to January 3, 1991. The Secretary refused to issue the JDP because the defendant's driving privileges were suspended for 12 months, effective October 5, 1990, for repeated moving violations. In upholding the Secretary's refusal, the appellate court reaffirmed the holding in *Boyd* that a JDP could not be granted when the defendant's driving privileges are lost for reasons other than a statutory summary suspension. (*Dobrinick*, 215 Ill. App. 3d at 146-47.) The fact that *Dobrinick* involves the suspension of the underlying driving privileges rather than a revocation, as in *Boyd*, does not affect the analysis or change the conclusion reached in *Boyd*. *Dobrinick*, 215 Ill. App. 3d at 147.

■ In our case, defendant argues that *Boyd* and *Dobrinick* are distinguishable because each arises out of DUI arrests occurring before section 6—206(a)(31) became law. Defendant asks that we construe section 6—206(a)(31) as authority for the court to order the Secretary to issue a JDP. Defendant theorizes that subsection 31 is distinguishable from the preceding 30 subsections of section 6—206(a) because it is the only subsection requiring that the penalties shall be as prescribed in section 6—208.1.

The cardinal rule of all statutory construction, to which other rules are subordinate, is that the true intent and meaning of the legislature must be ascertained and given effect; the language used in statutes is the primary source for determining the intent, and where the language used is certain and unambiguous, the proper function of the court is to enforce the statute as enacted. (*People v. Markovich* (1990), 195 Ill. App. 3d 999, 1004.) Where the language of the statute is clear, its meaning should be given effect without resort to supplementary principles of statutory construction. (*People v. Server* (1986), 148 Ill. App. 3d 888, 901, *appeal denied* (1987), 114 Ill. 2d 555, *cert. denied* (1987), 484 U.S. 842, 98 L. Ed. 2d 88, 108 S. Ct. 131.) Absent statutory definitions indicating a different legislative intention, courts will assume that words have their ordinary and regularly understood meaning. *People v. Dednam* (1973), 55 Ill. 2d 565, 568.

The State relies upon the *Boyd* and *Dobrinick* decisions as authority for the proposition that the defendant's suspension of driving privileges is a discretionary suspension. Section 6—206 of the Code is entitled, "Discretionary authority to suspend or revoke license or permit—Right to a hearing." As indicated earlier, section 6—206(a) provides that the Secretary is "authorized to suspend or revoke" a

person's driving privileges. (Ill. Rev. Stat., 1990 Supp., ch. 95½, par. 6—206(a).) We believe such language makes it clear that defendant's suspension pursuant to section 6—206(a)(31) was discretionary. More importantly, defendant's section 6—206(a)(31) suspension was clearly not a statutory summary suspension mandated under section 11—501.1, which *Boyd* and *Dobrinick* point out is an essential prerequisite for the issuance of a JDP.

We believe defendant's argument that *Boyd* and *Dobrinick* are distinguishable because the cases concern arrests before section 6—206(a)(31) became effective is of little avail. The language labeling subsection 31 discretionary is contained in the general applicability heading of section 6—206 and in section 6—206(a) and is therefore equally applicable to subsection 31 as to the other 30 subsections under section 6—206(a) in existence at the time of the *Boyd* and *Dobrinick* decisions. Further, defendant's discretionary 6—206(a)(31) supervision is clearly not a suspension under section 11—501.1 and, thus, not a suspension for which a JDP could be issued. *Boyd*, 211 Ill. App. 3d at 101.

Defendant next argues that a JDP may be issued for discretionary suspensions under subsection 31 because of the language therein that, if the Secretary chooses to issue a suspension under its provisions, "the penalty shall be as prescribed in Section 6—208.1" (Ill. Rev. Stat., 1990 Supp., ch. 95½, par. 6—206(a)(31)). Defendant theorizes that, as a result of the above-quoted language, all of the provisions of section 6—208.1 are incorporated into subsection 31, including the language of section 6—208.1(e) that "the circuit court may, after at least 30 days from the effective date of the statutory summary suspension, issue a judicial driving permit as provided in Section 6—206.1" (Ill. Rev. Stat. 1989, ch. 95½, par. 6—208.1(e)). Defendant takes out of context only language favorable to his argument. As already indicated, section 6—208.1(e) provides, in full:

> "Following a statutory summary suspension of driving privileges pursuant to Section 11—501.1, for a first offender, the circuit court may, after at least 30 days from the effective date of the statutory summary suspension, issue a judicial driving permit as provided in Section 6—206.1." (Ill. Rev. Stat. 1989, ch. 95½, par. 6—208.1(e).)

The plain language of that section indicates that a JDP may be granted only for statutory summary suspensions issued pursuant to section 11—501.1. As defendant's suspension was issued pursuant to section 6—206(a)(31), not section 11—501.1, he could not be issued a JDP.

Finally, defendant cites *People v. Inghram* (1987), 118 Ill. 2d 140, and the dissenting opinion of *People v. Pine* (1989), 129 Ill. 2d 88, as authority for his argument that the legislature intended to allow circuit courts to issue JDP's in *all* cases where a person's driving privileges have been suspended under the Code. In *Inghram*, the supreme court held that the authorization of the circuit court, pursuant to section 6—206.1, to issue a JDP was not an unconstitutional delegation of its executive power to the judiciary. *Inghram*, 118 Ill. 2d at 150.

The majority opinion in *Pine* concluded that the Secretary had standing as a nonparty to appeal an order of the circuit court directing him to issue a JDP pursuant to section 6—206.1 based on the Secretary's broad authority to administer the State's laws governing the conduct of drivers on the road. (*Pine*, 129 Ill. 2d at 96-100.) The *Pine* dissent disagreed with the majority finding that the Secretary's administrative and ministerial responsibilities in JDP proceedings as set forth in the Code were sufficient to grant the Secretary standing to appeal as a nonparty. We find that neither *Inghram* nor *Pine*, as defendant suggests, supports the proposition that the circuit court has the authority to issue a JDP in *all* cases where a person's driving privileges are suspended.

For the above-noted reasons, it is clear that the suspension of defendant's driving privileges by the Secretary, pursuant to his discretionary powers set forth in section 6—206(a)(31), was effective during the duration of the period of the JDP. Therefore, the order of the circuit court of Lake County directing the Secretary to issue a JDP is reversed.

Reversed.

INGLIS, P.J., and NICKELS, J., concur.