THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. GREGORY DEAN LIEDTKE, Defendant-Appellee (George H. Ryan, Secretary of State, Appellant).

Third District No. 3—91—0906

Opinion filed October 19, 1992.

Roland W. Burris, Attorney General, of Springfield (Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE SLATER delivered the opinion of the court:

On October 30, 1991, the circuit court of Rock Island County issued an order directing the Secretary of State (Secretary) to issue the defendant, Gregory Dean Liedtke, a judicial driving permit (JDP). The Secretary now appeals, alleging that this order was erroneously entered.

No appellee's brief has been filed in response. However, since the record is simple and the issue is clear, we will address the merits of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On August 4, 1991, the defendant was arrested for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—

501). He took a breathalyzer test, and the results showed a blood-alcohol concentration of 0.13. Accordingly, he received a statutory summary suspension effective from September 19, 1991, until December 19, 1991. (See Ill. Rev. Stat. 1991, ch. 95½, pars. 11—501.1, 6—208.1.) On September 6, 1991, the defendant filed a petition seeking a JDP. That same day, the trial court granted the petition for the period from September 19, 1991, to December 19, 1991, and entered an order directing the Secretary to issue the JDP to the defendant.

The defendant's driving abstract was filed with the trial court. It shows that the defendant had been arrested on September 21, 1990, and April 17, 1991, for speeding. He had also been arrested on August 17, 1990, for improper lane usage. As a result of committing these three moving violations within a 12-month period, the Secretary exercised its discretionary authority and suspended the defendant's driver's license from September 7, 1991, until December 19, 1991. See Ill. Rev. Stat. 1991, ch. 95½, par. 6—206(a)(2).

The Secretary subsequently returned the JDP order to the trial court with a letter explaining that the defendant was not eligible for a JDP because he also had a discretionary suspension pursuant to section 6—206(a)(2) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1991, ch. 95½, par. 6—206(a)(2)). The Secretary informed the trial court that the defendant would have to apply to the Secretary for a restricted driving permit rather than a JDP. The Secretary requested that the trial court reassess the issuance of the JDP order in light of this information. However, the Secretary also stated that if the trial court wished to again order the issuance of a JDP, the Secretary would issue it and make the "appropriate entries to our official records."

Pursuant to the Secretary's request, the trial court reconsidered the matter and reaffirmed its earlier order. The Secretary now appeals.

Initially, we note that this case may appear moot. However, this issue has arisen before this court in several recent cases. We held the issue to be moot in *People v. Bogaert* (3d Dist. 1992), No. 3—91—0765 (unpublished order under Supreme Court Rule 23), *People v. Burton* (3d Dist. 1992), No. 3—92—0110 (unpublished order under Supreme Court Rule 23), and *People v. Krueger* (3d Dist. 1992), No. 3—92—0064 (unpublished order under Supreme Court Rule 23). Therefore, to avoid further confusion and because this issue has recurred several times, we will consider this case as an exception to the mootness doctrine. See *People v. Meece* (1987), 162 Ill. App. 3d 658, 515 N.E.2d 1321.

A JDP is only effective in situations involving statutory summary suspensions. Therefore, if a driver's underlying privileges are lost for another reason, the trial court *cannot* issue a judicial driving permit. *People v. Boyd* (1991), 211 Ill. App. 3d 99, 570 N.E.2d 8; *People v. Dobrinick* (1991), 215 Ill. App. 3d 144, 574 N.E.2d 842; see also Ill. Rev. Stat. 1991, ch. 95½, par. 6—206.1(a)(4)(iii).

Here, from September 19, 1991, to December 19, 1991, the defendant was subject to *both* a statutory summary suspension under section 11—501.1 and a discretionary suspension under section 6—206(a)(2) of the Code. It is therefore clear that because of the additional discretionary suspension, the trial court did *not* have the authority to order the Secretary to issue a JDP to the defendant while both suspensions were in effect.

However, we note that much of the confusion in this case stems from the letter the Secretary sent to the trial court. In the letter, the Secretary indicated why it believed the order issuing the JDP was improper. However, it then concluded with a paragraph asking the trial court to reconsider its order and stated that if the court again officially ordered the issuance of the JDP, the Secretary would issue the permit. The Secretary's letter suggested to the trial court that it could still order the issuance of the JDP. It should be clear from this opinion that this portion of the Secretary's letter was in error. We find under these facts that the trial court was without authority to issue the defendant a JDP while the discretionary suspension was in effect.

Accordingly, we reverse the order of the circuit court of Rock Island County awarding the defendant a JDP from September 19, 1991, to December 19, 1991.

Reversed.

BARRY, P.J., and GORMAN, J., concur.