THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. DANIEL E. SCHMIDT, Defendant-Appellee (George H. Ryan, Secretary of State, Appellant).

Third District   No. 3—96—0471

Opinion filed January 30, 1997.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Karen J. Dimond, Assistant Attorney General, of counsel), for appellant.

Daniel E. Schmidt, of Moline, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Daniel E. Schmidt, was charged with driving under the influence of alcohol (625 ILCS 5/11—501 (West 1994)) and improper lane usage (625 ILCS 5/11—709 (West 1994)). His driver's license was subsequently suspended on two grounds: (1) for driving with a blood-alcohol concentration of .10 or more (statutory summary suspension) (625 ILCS 5/11—501.1 (West 1994)); and (2) for driving with alcohol in his system while he was under the age of 21 ("zero tolerance" suspension) (625 ILCS 5/11—501.8 (West 1994)).

The trial court ordered the Secretary of State (Secretary) to issue the defendant a judicial driving permit (JDP). On appeal, the Secretary claims the trial court's order was erroneous. After carefully reviewing the record, we agree with the Secretary and reverse.

We initially note that the defendant has not filed an appellee's brief. However, since the record is simple and we can easily decide the issue raised without the aid of an appellee's brief, we shall decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

## FACTS

The record reflects that around 3 a.m. on February 17, 1996. the 20-year-old defendant was injured when he drove his parents' vehicle off a roadway and into a utility pole. The police report indicates the defendant's eyes were bloodshot, his speech was slurred, and he admitted that he had been drinking alcohol. The defendant was taken to a hospital where he submitted a blood sample for blood-alcohol testing. The test results showed a blood-alcohol level of .165. The defendant was given a notice that stated that his license would be suspended on April 3, 1996.

On March 28, 1996, the trial court ordered the Secretary to issue the defendant a JDP. On April 3, 1996, the Secretary informed the trial court that the defendant was ineligible for a JDP because the defendant had received a suspension pursuant to the "zero tolerance" law. See 625 ILCS 5/11—501.8 (West 1994). Consequently, the Secretary requested that the trial court reconsider its issuance of the

JDP. On April 19, 1996, the trial court declined the Secretary's request and re-issued the original order granting the JDP.

## ANALYSIS

On appeal, the Secretary argues that the trial court erred in granting the defendant a JDP. The Secretary claims the trial court lacked the authority to issue a JDP because one of the bases for the defendant's suspension was the violation of the "zero tolerance" law. We agree with the Secretary's contention.

■ Under the "zero tolerance" law, if a driver who is less than 21 years of age submits to a test which reveals a blood-alcohol concentration of more than 0.00, the Secretary shall suspend his driving privileges. 625 ILCS 5/11—501.8(d) (West 1994). The "zero tolerance" provision does *not* provide for issuance of a JDP. 625 ILCS 5/11—501.8 (West 1994). However, it does permit a driver to receive a restricted driving permit at the Secretary's discretion. 625 ILCS 5/11—501.8(e)(7) (West 1994).

■ A statutory summary suspension is issued when a defendant has refused a breath test or he takes the test and it shows an alcohol level of .10 or more. 625 ILCS 5/11—501.1 (West 1994). To relieve such a suspension, the trial court may order the Secretary to issue a JDP to qualifying individuals. 625 ILCS 5/6—206.1 (West 1994). Thus, while the statutory summary suspension statute provides for the issuance of a JDP, the "zero tolerance" statute does not.

■ In the instant case, the defendant's license was suspended pursuant to the "zero tolerance" law *and* the statutory summary suspension law. As a first offender, the defendant would normally have been eligible to receive a JDP to relieve the statutory summary suspension. See 625 ILCS 5/11—501.1 (West 1994). However, in the case at hand, the JDP the defendant received was invalid because it could not relieve the effect of the "zero tolerance" suspension. See *People v. Boyd*, 211 Ill. App. 3d 99, 101, 570 N.E.2d 8, 9 (1991).

In *Boyd*, the court noted that a JDP is "only effective for statutory summary suspensions." *Boyd*, 211 Ill. App. 3d at 101, 570 N.E.2d at 9. The court observed that a JDP has no impact on other revocations or suspensions authorized by the Vehicle Code, stating "if a driver's underlying driving privileges are lost for another reason and he also has received a statutory summary suspension, the court *cannot* issue a JDP." (Emphasis added.) *Boyd*, 211 Ill. App. 3d at 101, 570 N.E.2d at 9.

Here, the defendant lost his driving privileges pursuant to the "zero tolerance" statute and the statutory summary suspension statute. Accordingly, pursuant to *Boyd*, the trial court had no authority to issue the defendant a JDP.

For the reasons stated, the judgment of the circuit court of Rock Island County is reversed.

Reversed.

BRESLIN and HOMER, JJ., concur.