No. 3--96--0471

_________________________________________________________________

                              IN THE

                              APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                              A.D., 1997

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 14th Judicial Circuit,

                                )  Rock Island County, Illinois

     Plaintiff,                 )  

                                )

     v.                         )  

                                )  

DANIEL E. SCHMIDT,              )  No. 96--DT--128     

                                )  

     Defendant-Appellee         )

                                )  

(GEORGE H. RYAN,                )

Illinois Secretary of State,    )  Honorable

                                )  Ronald C. Taber,

     Appellant).                )  Judge Presiding

_________________________________________________________________

JUSTICE McCUSKEY delivered the opinion of the court:

_________________________________________________________________

     The defendant, Daniel E. Schmidt, was charged with driving

under the influence of alcohol (625 ILCS 5/11--501 (West 1994)) and

improper lane usage (625 ILCS 5/11--709 (West 1994)).  His driver's

license was subsequently suspended on two grounds:  (1) for driving

with a blood-alcohol concentration of .10 or more (statutory

summary suspension) (625 ILCS 5/11--501.1 (West 1994)); and (2) for

driving with alcohol in his system while he was under the age of 21

("zero tolerance" suspension) (625 ILCS 5/11--501.8 (West 1994)). 

      The trial court ordered the Secretary of State (Secretary) to

issue the defendant a judicial driving permit (JDP).  On appeal,

the Secretary claims the trial court's order was erroneous.  After

carefully reviewing the record, we agree with the Secretary and

reverse.  

     We initially note that the defendant has not filed an

appellee's brief.  However, since the record is simple and we can

easily decide the issue raised without the aid of an appellee's

brief, we shall decide the merits of the appeal.  First Capitol

Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133,

345 N.E.2d 493, 495 (1976).

                                   FACTS

     The record reflects that around 3 a.m. on February 17, 1996.

the 20-year-old defendant was injured when he drove his parents'

vehicle off a roadway and into a utility pole.  The police report

indicates the defendant's eyes were bloodshot, his speech was

slurred, and he admitted that he had been drinking alcohol.  The

defendant was taken to a hospital where he submitted a blood sample

for blood-alcohol testing.  The test results showed a blood-alcohol

level of .165.  The defendant was given a notice which stated that

his license would be suspended on April 3, 1996.

     On March 28, 1996, the trial court ordered the Secretary to

issue the defendant a JDP.  On April 3, 1996, the Secretary

informed the trial court that the defendant was ineligible for a

JDP because the defendant had received a suspension pursuant to the

"zero tolerance" law.  See 625 ILCS 5/11--501.8 (West 1994). 

Consequently, the Secretary requested that the trial court

reconsider its issuance of the JDP.  On April 19, 1996, the trial

court declined the Secretary's request and re-issued the original

order granting the JDP.

                                 ANALYSIS

     On appeal, the Secretary argues that the trial court erred in

granting the defendant a JDP.  The Secretary claims the trial court

lacked the authority to issue a JDP because one of the bases for

the defendant's suspension was the violation of the "zero

tolerance" law.  We agree with the Secretary's contention.

     Under the "zero tolerance" law, if a driver who is less than

21 years of age submits to a test which reveals a blood-alcohol

concentration of more than 0.00, the Secretary shall suspend his

driving privileges.  625 ILCS 5/11--501.8(d) (West 1994).  The

"zero tolerance" provision does not provide for issuance of a JDP. 

625 ILCS 5/11--501.8 (West 1994).  However, it does permit a driver

to receive a restricted driving permit at the Secretary's

discretion.  625 ILCS 5/11--501.8(e)(7) (West 1994).  

     A statutory summary suspension is issued when a defendant has

refused a breath test or he takes the test and it shows an alcohol

level of .10 or more.  625 ILCS 5/11--501.1 (West 1994).  To

relieve such a suspension, the trial court may order the Secretary

to issue a JDP to qualifying individuals.  625 ILCS 5/6--206.1

(West 1994).  Thus, while the statutory summary suspension statute

provides for the issuance of a JDP, the "zero tolerance" statute

does not.      

     In the instant case, the defendant's license was suspended

pursuant to the "zero tolerance" law and the statutory summary

suspension law.  As a first offender, the defendant would normally

have been eligible to receive a JDP to relieve the statutory

summary suspension.  See 625 ILCS 5/11--501.1 (West 1994). 

However, in the case at hand, the JDP the defendant received was

invalid because it could not relieve the effect of the "zero

tolerance" suspension.  See People v. Boyd, 211 Ill. App. 3d 99,

101, 570 N.E.2d 8, 9 (1991).  

     In Boyd, the court noted that a JDP is "only effective for

statutory summary suspensions."  Boyd, 211 Ill. App. 3d at 101, 570

N.E.2d at 9.  The court observed that a JDP has no impact on other

revocations or suspensions authorized by the vehicle code, stating

"if a driver's underlying driving privileges are lost for another

reason and he also has received a statutory summary suspension, the

court cannot issue a JDP."  (Emphasis added.)  Boyd, 211 Ill. App.

3d at 101, 570 N.E.2d at 9.

     Here, the defendant lost his driving privileges pursuant to

the "zero tolerance" statute and the statutory summary suspension

statute.  Accordingly, pursuant to Boyd, the trial court had no

authority to issue the defendant a JDP.

     For the reasons stated, the judgment of the circuit court of

Rock Island County is reversed.

     Reversed. 

     BRESLIN and HOMER, JJ., concur.