THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. PERRY W. JONES, Defendant-Appellee (George H. Ryan, Secretary of State, Appellant).

Second District   No. 3—97—0628

Opinion filed June 22, 1998.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solici-

tor General, and Morton E. Friedman, Assistant Attorney General, of counsel), and Joseph E. Birkett, State's Attorney, of Wheaton, for appellant.

Perry W. Jones, of Chicago, appellee *pro se.*

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Perry W. Jones, was arrested for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1996)). He refused to take a breath test, and the Secretary of State (Secretary) issued him a three-month statutory summary suspension of his driver's license, effective on November 27, 1996. On June 17, 1997, defendant pleaded guilty to DUI. The court entered a conviction and directed the Secretary to issue defendant a judicial driving permit (JDP). Because of defendant's DUI conviction, the Secretary was required to revoke defendant's driver's license. The Secretary notified the trial court that defendant was not eligible for a JDP because his license had been revoked. On July 16, 1997, the court entered another order directing the Secretary to issue defendant a JDP. The Secretary appeals, and we reverse.

We note that defendant has failed to file a brief. However, we find that the record is simple and the claimed error is such that we can decide the issue without the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

■ On appeal, the Secretary correctly argues that defendant was not eligible for a JDP because his driver's license had been revoked. Pursuant to section 6—206.1(a) of the Illinois Vehicle Code (the Code) (625 ILCS 5/6—206.1(a) (West 1996)), the circuit court can order the Secretary to issue a JDP to a defendant who receives a statutory summary suspension. However, the court cannot order the Secretary to issue a JDP to someone whose driving privileges have been revoked. 625 ILCS 5/6—206.1(a)(4)(iii) (West 1996); *People v. Boyd*, 211 Ill. App. 3d 99, 100-01 (1991). A person whose driving privileges have been revoked may apply to the Secretary for a restricted driving permit. 625 ILCS 5/6—205(c) (West 1996). The supreme court explained in *People v. Ingham*, 118 Ill. 2d 140, 151-52 (1987), that the Code anticipates two different types of hardship licenses that can be issued by different authorities under different circumstances: the circuit court can order the issuance of a JDP when a person receives a statutory summary suspension, and the Secretary can issue a restricted driving permit when a person's license has been revoked.

■ In *Boyd* the court addressed the same issue as in the present case. The court held that the defendant was not eligible for a JDP

because her driving privileges were revoked after she pleaded guilty to DUI. *Boyd*, 211 Ill. App. 3d at 100-02; *cf. People v. Liedtke*, 236 Ill. App. 3d 938, 940 (1992) (defendant who received a discretionary suspension was not eligible for a JDP because a JDP can only be issued in situations involving statutory summary suspensions); *People v. Dobrinick*, 215 Ill. App. 3d 144, 148 (1991) (defendant not eligible for a JDP because his driving privileges were suspended because of repeated moving violations). Accordingly, we hold that the court erred in ordering the Secretary to issue defendant a JDP.

As a final matter, we note that much of the confusion in this case can be attributed to the Secretary. In the letter it sent to the court explaining why defendant was not eligible for a JDP, the Secretary stated the following: "We request the Judge reassess the issuance of the JDP considering the above information. If the Judge wished to again officially order the issuance of the JDP, we will issue the permit and make the appropriate entries to our official records." The courts in *Boyd*, 211 Ill. App. 3d at 101-02, *Liedtke*, 236 Ill. App. 3d at 940, and *Dobrinick*, 215 Ill. App. 3d at 147, all pointed out that the Secretary was erroneously suggesting that the court had the authority to order the Secretary to issue a JDP in situations not involving statutory summary suspensions. In its letter, the Secretary tells the court that it cannot issue a JDP because the defendant is not eligible, invites the court to reissue the JDP, and then appeals when the court does so. Unfortunately, seven years after *Dobrinick* and *Boyd*, and six years after *Liedtke*, the Secretary is still including these same sentences in its letters to the trial courts and is still causing the same confusion. We strongly urge the Secretary to cease making these statements when it informs the trial court that a defendant is not eligible for a JDP.

The order of the circuit court of Du Page County directing the Secretary to issue a JDP to defendant is reversed.

Reversed.

INGLIS and HUTCHINSON, JJ., concur.