THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JOZEF SZYPCIO, Defendant-Appellee (George H. Ryan, Secretary of State, Appellant).

First District (6th Division) No. 1—97—4550

Opinion filed August 27, 1999.

No brief filed for appellee.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, of counsel), for appellant.

JUSTICE BUCKLEY delivered the opinion of the court:

The Illinois Secretary of State appeals from an order of the circuit court of Cook County directing the Secretary to issue a judicial driving permit (JDP) to the defendant, Jozef Szypcio.

The sole issue on appeal is whether the circuit court erred by ordering the Secretary to issue defendant a JDP, where his driving privileges had been revoked due to both a statutory summary suspension and a discretionary suspension. After considering the record, we agree with the Secretary and reverse the judgment of the circuit court of Cook County.

As a preliminary matter, we note that defendant has not filed an appellee's brief. However, since the record is straightforward and we can decide the issue presented without the aid of an appellee's brief, we will address the merits of the appeal. *People v. Schmidt*, 286 Ill. App. 3d 322, 323 (1997), citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

## FACTS

On August 10, 1997, defendant was involved in an automobile accident, following which he was arrested for driving under the influence of alcohol and driving too fast for conditions. Then, shortly after the accident, the Secretary provided defendant with written notice that he would suspend his driver's license pursuant to the Illinois Vehicle Code (the Code) (625 ILCS 5/1—100 *et seq.* (West 1998)) effective September 26, 1997, on two separate grounds: (1) for his failure of, or refusal to complete, blood-alcohol testing (statutory summary suspension) (625 ILCS 5/11—501.1 (West 1998)); and (2) for his involvement in a personal injury or fatal motor vehicle accident and subsequent failure of, or refusal to submit to, blood-alcohol content tests (discretionary suspension) (625 ILCS 5/6—206(a)(31) (West 1998)). Defendant subsequently underwent an alcohol and drug evaluation. His evaluator noted that a blood-alcohol test performed at the hospital following his accident and arrest indicated that he had a blood-alcohol level of .26. The evaluator recommended that defendant participate in an alcohol and drug remedial program.

On October 3, 1997, a hearing was held in the circuit court of Cook County concerning defendant's arrest. Defendant pled guilty to the charges. The court accepted a plea agreement and stated that defendant would be placed on court supervision until September 13, 1999. Defendant then requested that the court grant him a JDP to allow him to travel to and from work. The circuit court agreed and signed an order requiring the Secretary to issue a JDP.

On November 12, 1997, defendant appeared before the circuit court again. He stated that, after the first hearing, he had received a letter from the Secretary dated October 23, 1997, informing him that he was ineligible to receive a JDP. In response to questions by the trial judge, defendant acknowledged that he had received notice of both a

statutory summary suspension and a suspension resulting from his involvement in a personal injury accident. However, he then argued that he was eligible for a JDP because he had not refused to submit to blood-alcohol testing, but was tested once he arrived at the hospital following the accident. The court scheduled a hearing for December 12, 1997, to determine whether defendant had submitted to blood-alcohol testing and whether his driving privileges should be suspended for three or six months. The court added that the previously ordered JDP should stand as issued. The Secretary appeals from this order.

## ANALYSIS

The Secretary contends that the circuit court erred when it granted defendant a JDP because a circuit court may not issue a JDP to relieve the effect of a discretionary suspension. We agree.

### I

■ At first it may appear that the Secretary has no standing in this case. However, in *People v. Pine*, 129 Ill. 2d 88, 99 (1989), the Illinois Supreme Court recognized that the Secretary has standing to appeal a circuit court order directing the issuance of a JDP and stated:

"After the section 6—206.1(B)(d) [(now section 6—206.1(d), entitled 'Discretionary authority to suspend or revoke license or permit')] procedure between the court and the Secretary is completed, the order is ripe for appellate review. The rights and interests of the parties involved are fully adjudicated and the litigation is terminated, with nothing necessary but enforcement of the order."

Therefore, the Secretary had standing as a nonparty and his notice of appeal was timely filed on December 12, 1997. See *People v. Piat*, 234 Ill. App. 3d 262, 268 (1992).

### II

■ Section 11—501.1(e) of the Code provides for statutory summary suspension of a person's driving privileges when that person has refused a breath test or he takes the test and it shows an alcohol level of .08 or more. 625 ILCS 5/11—501.1(d) (West 1998). To relieve such a suspension, the trial court may order the Secretary to issue a JDP to qualified individuals. 625 ILCS 5/6—206.1 (West 1998). However, if driving privileges are lost for another reason, the trial court cannot issue a JDP. See *Schmidt*, 286 Ill. App. 3d at 324 (holding that suspension under the "zero tolerance" statute does not allow for issuance of a JDP); see also *Piat*, 234 Ill. App. 3d 262. The language of section 6—206.1(a)(4)(iii) forms the basis for this conclusion:

"4. The Court shall not issue an order granting a JDP to:
* * *

(iii) Any person whose privilege to operate a motor vehicle was invalid at the time of arrest for the current violation of Section 11—501, or a similar provision of a local ordinance, except in cases where the cause for a driver's license suspension has been removed at the time a JDP is effective. In any case, should the Secretary of State enter a suspension or revocation of driving privileges pursuant to the provisions of this Code while the JDP is in effect or pending, the Secretary shall take the prescribed action and provide a notice to the person and the court ordering the issuance of the JDP that all driving privileges, including those provided by the issuance of the JDP, have been withdrawn." 625 ILCS 5/6—206.1(a)(4)(iii) (West 1998).

Section 6—206(a)(31), which was the second basis for suspension of defendant's driving privileges, states:

"The Secretary of State is authorized to suspend or revoke the driving privileges of any person without preliminary hearing upon a showing of the person's records or other sufficient evidence that the person:

\* \* \*

31. Has refused to submit to a test as required by Section 11—501.6 or has submitted to a test resulting in an alcohol concentration of 0.08 or more or any amount of a drug, substance, or compound resulting from the unlawful use or consumption of cannabis as listed in the Cannabis Control Act or a controlled substance as listed in the Illinois Controlled Substances Act in which case the penalty shall be as prescribed in Section 6—208.1." 625 ILCS 5/6—206(a)(31) (West 1998).

Section 11—501.6, in turn, provides for the chemical testing of a driver who has been involved in a personal injury or fatal motor vehicle accident for the purpose of determining the alcohol or other drug content of a person's blood. See 625 ILCS 5/11—501.6 (West 1998).

Section 6—208.1 establishes the time period for various alcohol- and drug-related suspensions. Section 6—208.1(e) states:

"Following a statutory summary suspension of driving privileges pursuant to Section 11—501.1, for a first offender, the circuit court may, after at least 30 days from the effective date of the statutory summary suspension, issue a judicial driving permit as provided in Section 6—206.1." 625 ILCS 5/6—208.1(e) (West 1996).

■ In the case at bar, defendant's driving privileges were suspended pursuant to both section 11—501.1 and section 6—206(a)(31) of the Code. The trial court then ordered the Secretary to grant defendant a JDP at two separate hearings. While it is true

that section 6—208.1(e) of the Code gives the circuit court the authority to order JDPs, the plain language of that section refers only to statutory summary suspension and directs the court to follow the provisions of section 6—206.1. See 625 ILCS 5/6—208.1(e) (West 1998). As we have noted above, section 6—206.1(a)(4)(iii) limits the issuance of JDPs. Therefore, since defendant's driving privileges were also suspended by the discretionary authority of the Secretary pursuant to section 6—206(a)(31) for his failure or refusal of blood-alcohol testing after involvement in a personal injury accident, he was not eligible for a JDP. See *Piat*, 234 Ill. App. 3d at 267 (reversing trial court's issuance of JDP where the defendant's driving privileges had also been suspended pursuant to section 6—206(a)(31)).

Furthermore, the record clearly shows that defendant received notice of both the statutory summary suspension and the discretionary suspension. Shortly after the accident, the arresting officer gave defendant notice that his driving privileges would be subject to statutory summary suspension. Then, as defendant admitted at his second hearing, the Secretary notified him in writing that he would exercise his discretionary authority to suspend his driving privileges. Thus, if he wanted to appeal the Secretary's decision or obtain relief, defendant should have requested a hearing before the Secretary pursuant to section 2—118 of the Code. See 625 ILCS 5/2—118 (West 1998).

## CONCLUSION

For the aforementioned reasons, we reverse the order of the circuit court of Cook County awarding defendant a JDP after the Secretary exercised his discretionary authority to suspend his driving privileges pursuant to section 6—206(a)(31) of the Code.

Reversed.

ZWICK and QUINN, JJ., concur.