THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONALD GAFFORD, Defendant-Appellant.

Second District   No. 2—90—0515

Opinion filed August 29, 1991.

Stephen M. Komie, of Komie & Associates, and Marco A. Raimondi, of Drunk Driving Defense Lawyers of Illinois, Ltd., both of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Ronald Gafford, appeals from an order of the circuit court of Du Page County which denied his petition to rescind the statutory summary suspension of his driver's license. Defendant raises two issues on appeal: (1) whether the trial court erred in denying his petition where the State presented no testimony to refute defendant's testimony that no warnings were given by the arresting officer before defendant submitted to a breathalyzer test; and (2) whether the trial court erred in denying defendant's motion for judgment on the pleadings where the record contains no proof that defendant was served with notice of the summary suspension of his driving privileges. We affirm.

Defendant was stopped by a law enforcement officer at approximately 11:08 p.m. on January 19, 1990. He was charged with the offenses of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(2)), driving with an alcohol concentration in his blood or breath in excess of 0.10 (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(1)), and improper lane usage (Ill. Rev. Stat. 1989, ch. 95½, par. 11—709). A law enforcement sworn report was filed on January 26, 1990. The report stated that defendant submitted to testing on January 20, 1990, at 12:16 a.m. The test disclosed an alcohol concentration of 0.15. The report also stated that notice of the statutory summary suspension was given on January 20, 1990. The report form contained two boxes to indicate whether notice was served immediately or was mailed. Neither box was checked.

A warning to motorist form was also filed. The form listed the consequences to a motorist arrested for violating section 11—501 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501) who refuses to take a chemical test or who takes a test disclosing an alcohol concentration of 0.10 or more. The form stated that the warning was issued to defendant. The date and time noted on the form was January 19, 1990, at 11:47 p.m.

Both forms were signed by the arresting officer under the following language:

"Under penalties as provided by law pursuant to Section 1—109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct."

A confirmation of statutory summary suspension was filed on February 2, 1990, and stated that defendant's driver's license would be suspended on March 7, 1990, for a period of three months. On January 29, 1990, defendant filed his petition to rescind the statutory summary suspension of his driver's license. The petition alleged, among other things, that defendant was not properly warned by the arresting officer as required by section 11—501.1 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c)) and defendant was not properly served with notice of the summary suspension. The petition was verified by defendant.

On February 9, 1990, defendant filed a "motion to dismiss" asking that the statutory summary suspension proceeding against defendant be dismissed pursuant to sections 2—610, 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—610, 2—615, 2—619). In this motion, defendant stated:

"1. That on January 19, 1990, the Defendant, RONALD GAFFORD, was arrested for driving under the influence and given a Notice of Summary Suspension pursuant to Section 11—501.1 of the Illinois Vehicle Code. Said notice is attached hereto and made a part hereof as Exhibit 'A'."

The motion was signed by defendant's attorney and requested that the proceeding be dismissed because the law enforcement sworn report failed to state a cause of action. There is no exhibit A attached to the motion. However, the record does contain a copy of a notice of summary suspension. This form is identical to the law enforcement sworn report filed on January 26, 1990, except that it is entitled "Notice of Summary Suspension" and contains a notation on the bottom which states "POLICE OFFICER—GIVE TO MOTORIST." Also, it appears from the copy contained in the record that a "notice to the motorist of right to a hearing" was included on the back of the notice. The copy of the notice is not file stamped but is included in the record in between documents filed by defendant.

A hearing was held regarding defendant's petition on March 23, 1990. The State informed the court that the arresting officer was on vacation and requested a continuance in order to have the officer available. Defense counsel stated that he did not intend to call the officer as a witness and objected to a continuance. The court decided that the hearing would begin that day. Defendant then asked for judgment on the pleadings, arguing that the law enforcement sworn report did not indicate that the officer served notice on defendant as required by statute. The trial court denied this oral motion on the basis that defendant's written motion filed on February 9, 1990, stated that he was given notice of the summary suspension.

Defendant then testified that he was driving on January 19, 1990, fell asleep at the wheel and drove his car into a ditch. Shortly thereafter, the arresting officer approached his car. The officer asked defendant for his driver's license, and defendant told the officer that he was an attorney. After performing field sobriety tests, defendant was taken to the police station for further testing.

Defendant testified that the officer told him that he wanted him to take a breathalyzer test. Defendant stated that the officer said "basically that because I was an attorney, if I took the test I'd probably just come to court; I would be all right; if I didn't take the test, that then I would lose my license." Defendant testified that he then took the breathalyzer test. Defendant claimed that he did not see the warning to motorist form at the police station nor did the officer read

it to him. A copy of the warning to motorist was marked as defendant's exhibit No. 1.

During cross-examination, defendant testified that the only paper work the officer gave him that night was a ticket. During redirect examination, defendant stated that he does not practice criminal law. His practice is a civil practice, mainly real estate and small business.

Following this testimony, the State orally moved for a directed finding, arguing that defendant's testimony was not sufficient to meet his burden to show that the summary suspension should be rescinded. The court denied the motion. It noted that defendant had not sustained his burden on most of the issues raised, but found that defendant had, at that point, made a *prima facie* case with regard to the issue of whether he was adequately warned prior to submitting to the breathalyzer test. The court stated that, even though defendant is an attorney, the officer had a duty to admonish him properly.

The State then asked that the court take judicial notice of the carbon copy of the warning to motorist form presented by defendant and also the warning to motorist form included in the court file. The State also asked that the officer's police report be admitted into evidence. The report was admitted, over defendant's hearsay objection. The police report is not included in the record. However, the trial court noted that the report stated that the warning to motorist was read at 11:47 p.m. and that the breath analysis was performed at 12:16 a.m.

The State then recalled defendant to testify. Defendant again testified that he was not given the warning to motorist form by the officer the evening he was arrested. He also stated that the form was not mailed to him and that the officer gave him only three tickets on the night of his arrest.

The trial judge denied defendant's petition to rescind the summary suspension of his driver's license. He stated that he found from the evidence that defendant was properly advised of the warnings and was given a copy of the warning to motorist form the evening in question.

Defendant filed a motion to reconsider which was denied on April 19, 1990. This timely appeal followed.

On appeal, defendant first argues that the trial court's finding that he was given the necessary warnings was against the manifest weight of the evidence because defendant's testimony that no warnings were given was rebutted only by uncorroborated hearsay.

■ Section 11—501.1(c) of the Code provided, at the time of defendant's arrest:

"A person requested to submit to a test as provided above shall be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in the statutory summary suspension of such person's privilege to operate a motor vehicle as provided in Section 6—208.1 of this Code. The person shall also be warned by the law enforcement officer that if the person submits to the test or tests provided in paragraph (a) of this Section and the alcohol concentration in such person's blood or breath is 0.10 or greater, a statutory summary suspension of such person's privilege to operate a motor vehicle, as provided in Sections 6—208.1 and 11—501.1 of this Code will, be imposed." (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(c).)

Therefore, defendant is correct that warnings were required prior to the administration of the breathalyzer test. Failure to give the required warnings is grounds for rescission of the statutory summary suspension. (See Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)(4); *People v. Znaniecki* (1989), 181 Ill. App. 3d 389, 392.) We conclude, however, that the trial court's finding that the required warnings were given was not against the manifest weight of the evidence.

■ The summary suspension system enacted by our legislature is separate from the criminal proceeding and serves the salutary purpose of promptly removing impaired drivers from the road. (*People v. Moore* (1990), 138 Ill. 2d 162, 166; see also *People v. Teller* (1991), 207 Ill. App. 3d 346, 349.) A summary suspension rescission hearing is therefore civil in nature and was intended by the legislature to be swift and of limited scope. (*Moore*, 138 Ill. 2d at 167, 169; *Teller*, 207 Ill. App. 3d at 349, 351.) The burden is on the motorist to prove that the suspension should be rescinded (*People v. Orth* (1988), 124 Ill. 2d 326, 337-38), and the decision of the trial court in this regard will not be reversed unless it is against the manifest weight of the evidence (*People v. Davis* (1990), 205 Ill. App. 3d 431, 435).

■ Section 2—118.1 of the Code provides, in pertinent part:

"The hearing may be conducted upon a review of the law enforcement officer's own official reports; provided however, that the [motorist] may subpoena the officer. Failure of the officer to answer the subpoena shall be considered by the court to be the same as the failure of a complaining witness to appear in any criminal proceeding." (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).)

The purpose of this provision is to relieve arresting officers from undue loss of time by appearance at hearings regarding requests for re-

scission of summary suspensions. (*People v. McCollum* (1991), 210 Ill. App. 3d 11, 13.) Under this provision, therefore, an officer's reports are admissible in evidence at the hearing (*McCollum*, 210 Ill. App. 3d at 13-14), and the State is not required to have the arresting officer testify (*Moore*, 138 Ill. 2d at 169). The officer need not appear, and a court may rely on the officer's official reports (*Moore*, 138 Ill. 2d at 167; *Teller*, 207 Ill. App. 3d at 351), provided that the arresting officer has not been subpoenaed by the defendant. See *People v. Clayton* (1990), 201 Ill. App. 3d 163, 165; *People v. Johnson* (1989), 186 Ill. App. 3d 951, 954.

There is nothing in the record to show that defendant subpoenaed the arresting officer, and defendant stated that he did not intend to call the officer as a witness. Under these circumstances, the trial court could properly rely on the officer's reports as evidence that the required warnings were given. We therefore cannot agree with defendant's assertion that hearsay evidence contained in the reports cannot be the basis for a trial court's determination when there is testimony that directly contradicts it. We conclude that the trial court could properly find that defendant's testimony that no warnings were given was not credible based upon the reports which were admitted into evidence. In light of the clear language in the statute, we decline to follow *dicta* contained in *In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, relied upon by defendant, which suggests that testimony that the officer read the form to the defendant would be necessary. See *Trainor*, 156 Ill. App. 3d at 925.

Defendant devotes a considerable portion of his argument to his contention that the State, by calling defendant as its witness, vouched for defendant's veracity. Defendant relies on *People v. Stout* (1982), 108 Ill. App. 3d 96, and several other cases decided prior to 1982. We acknowledge that we stated in *Stout* that a party calling a witness vouches for the credibility of the witness and that a party may not call a witness for the sole purpose of impeaching him. *Stout*, 108 Ill. App. 3d at 102.

However, Supreme Court Rule 238 was amended, effective April 1, 1982, to state that "[t]he credibility of a witness may be attacked by any party, including the party calling him." (134 Ill. 2d R. 238(a).) Under this rule, a party may call a witness solely for the purpose of impeachment (see *People v. Morgan* (1991), 142 Ill. 2d 410, 457) and, therefore, does not vouch for the credibility of the witness. The fact that some of defendant's testimony was given after he was

called as a witness by the State does not in any way bolster the credibility of the testimony.

■ In his reply brief, defendant complains that the trial court should not have relied on "unsworn police reports." He contends that only "sworn" reports are "official" reports for purposes of section 2—118.1(b) of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b)). (See *People v. Badoud* (1988), 122 Ill. 2d 50, 54.) As the warning to motorist form was properly sworn, defendant is apparently referring to the police report. However, defendant did not object to the admission of the police report in the trial court on the basis that it was unsworn. Questions not raised in the trial court are considered waived and may not be raised for the first time on appeal. (*In re Liquidations of Reserve Insurance Co.* (1988), 122 Ill. 2d 555, 568.) Also, Supreme Court Rule 341(e)(7) states that points not raised in an appellant's initial brief "are waived and shall not be raised in the reply brief." (134 Ill. 2d R. 341(e)(7); *In re Liquidations*, 122 Ill. 2d at 568.) The issue of the admissibility of an unsworn police report has therefore been waived. We note, however, that it has been held that unsworn police reports may properly be admitted in a summary suspension proceeding. See *In re Summary Suspension of Driver's License of Vaughn* (1987), 164 Ill. App. 3d 49, 52.

■ Finally, we are also not persuaded by defendant's impassioned plea that he did not have a fair and just hearing because he was denied the opportunity to cross-examine and impeach the "vacationing" police officer. Defendant cannot now complain that he did not have this opportunity when he did not take advantage of his right to subpoena the officer and objected to the State's request for a continuance so that the officer could be present.

■ Defendant next argues that the trial court erred in denying his motion for judgment on the pleadings because the law enforcement sworn report does not indicate that notice was served on defendant and was not amended to state that notice was given. We agree with defendant that the Code requires that a defendant be given immediate notice of the statutory summary suspension and the right to a hearing. (Ill. Rev. Stat. 1989, ch. 95½, pars. 2—118.1(a), 11—501.1(f); *People v. Osborn* (1989), 184 Ill. App. 3d 728, 729.) The Code also provides that the statutory summary suspension does not take effect until the 46th day following the date notice was given. Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(g).

In this case, however, the law enforcement sworn report states that notice was given on January 20, 1990. The form just fails to specify whether notice was given by immediate service or by mail. In

fact, according to section 11—501.1(f) of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(f)), notice could only have been given by immediate service on defendant because defendant submitted to a breathalyzer test. Service by mail is permissible only in cases where the blood-alcohol concentration is established by a subsequent analysis of blood or urine. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(f).) Therefore, we conclude that the form itself was sufficient to establish that proper notice was given. We also note that defendant admitted, in his motion to dismiss, that he was given notice and that the record contains a copy of a notice of summary suspension which was apparently filed by defendant.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.