THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RENE A. TOMLINSON, Defendant-Appellant.

Fourth District   No. 4—97—0197

Opinion filed February 4, 1998.

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellant.

Tony Lee, State's Attorney, of Paxton (Norbert J. Goetten, Robert J. Bi-

derman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant Rene Tomlinson was arrested on February 8, 1997, for driving under the influence of alcohol. 625 ILCS 5/11—501(a)(2) (West 1996). After her arrest, she was asked to take a breath test to determine her blood-alcohol level. She refused to take the test and her driving privileges were summarily suspended pursuant to section 11—501.1 of the Illinois Vehicle Code (Code). 625 ILCS 5/11—501.1 (West 1996).

Defendant filed a petition to rescind the statutory summary suspension, and a hearing was held on March 21, 1997. Defendant argued the suspension of her license must be rescinded because the Gibson City police department (Department) did not comply with section 11—505.1(a) of the Code, which provides that law enforcement agencies "shall designate" which of the three chemical tests (blood, urine, or breath) shall be administered. 625 ILCS 5/11—501.1(a) (West 1996). The arresting officer testified he was not aware of any departmental policies or procedures that designated which of the chemical tests he was authorized to use or the manner in which he should determine which test to use. The trial court denied defendant's petition. The court noted that according to section 2—118.1(b) of the Code, a law enforcement agency's failure to designate chemical tests could not be raised at a rescission hearing. 625 ILCS 5/2—118.1(b) (West 1996).

Defendant appeals, arguing the trial court should have rescinded her suspended license because the implied consent statute mandates that the Department designate which chemical tests will be administered before the defendant's license can be suspended. She argues the use of the language "shall designate" in the statute evidences the legislature's intent that the obligation to designate is mandatory, and the trial court should have considered this issue at the rescission hearing. 625 ILCS 5/11—501.1(a) (West 1996).

■ The Illinois implied consent statute provides:

"Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State *shall be deemed to have given consent, subject to the provisions of Section 11— 501.2, to a chemical test or tests of blood, breath, or urine* for the purpose of determining the content of alcohol, other drug, or combination of both in the person's blood if arrested ***. The test or tests shall be administered at the direction of the arresting officer. *The law enforcement agency employing the officer shall desig-*

*nate which of the aforesaid tests shall be administered.*" (Emphasis added.) 625 ILCS 5/11—501.1(a) (West 1996).

■ A driver's refusal to submit to chemical testing results in the automatic suspension of driving privileges. 625 ILCS 5/11—501.1 (West 1996). The summary suspension system serves the salutary purpose of promptly removing impaired drivers from the road. *People v. Moore*, 138 Ill. 2d 162, 166, 561 N.E.2d 648, 650 (1990). Defendant may obtain a hearing on the summary suspension if a written request is provided within 90 days stating the grounds upon which defendant seeks to have the suspension rescinded. 625 ILCS 5/2—118.1 (West 1996). A summary suspension hearing is intended by the legislature to be swift and of limited scope. *People v. Gafford*, 218 Ill. App. 3d 492, 497, 578 N.E.2d 583, 586 (1991). The scope of the hearing is limited to four issues:

"1. Whether the person was placed under arrest ***; and

2. Whether the officer had reasonable grounds to believe that the person was driving *** a motor vehicle upon a highway while under the influence of alcohol, other drug, or combination of both; and

3. Whether the person, after being advised by the officer that the privilege to operate a motor vehicle would be suspended if the person refused to submit to and complete the test or tests, did refuse to submit to or complete the test or tests ***; or

4. Whether the person *** did submit to and complete the test or tests that determined an alcohol concentration of 0.10 or more." 625 ILCS 5/2—118.1(b) (West 1996).

The driver has the burden of proving the suspension should be rescinded, and the trial court's decision will not be reversed unless it is against the manifest weight of the evidence. *Gafford*, 218 Ill. App. 3d at 497, 578 N.E.2d at 586.

■ The legislature limited the scope of a rescission hearing to four specific issues, none of which involve an agency's failure to designate chemical tests. 625 ILCS 5/2—118.1(b) (West 1996). The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature, and that inquiry appropriately begins with the language of the statute. *People v. Woodard*, 175 Ill. 2d 435, 443, 677 N.E.2d 935, 939 (1997). In determining legislative intent, courts must give statutory language its plain and ordinary meaning. *Lucas v. Lakin*, 175 Ill. 2d 166, 171, 676 N.E.2d 637, 640 (1997). A plain and ordinary reading of section 2—118.1(b) indicates defendant may not raise the issue of the Department's failure to meet the designation requirement.

■ However, the Supreme Court of Illinois has not followed sec-

tion 2—118.1(b) literally. See *People v. Hamilton*, 118 Ill. 2d 153, 160, 514 N.E.2d 965, 969 (1987); *People v. Badoud*, 122 Ill. 2d 50, 54, 521 N.E.2d 884, 886 (1988). In *Hamilton* (118 Ill. 2d at 160, 514 N.E.2d at 969), the Supreme Court of Illinois held it was appropriate for a defendant to challenge the validity of the chemical test even though that issue was not enumerated in section 2—118.1(b). The court reasoned that the implied consent statute specifically conditioned summary suspension on whether the law enforcement agency complied with certain chemical testing procedures. 625 ILCS 5/11—501.1(a) (West 1996). Therefore, it inescapably followed that a licensee should be permitted to contest the validity of the test results at a rescission of summary suspension hearing. *Hamilton*, 118 Ill. 2d at 160, 514 N.E.2d at 969.

In *Badoud* (122 Ill. 2d at 54, 521 N.E.2d at 886), the court held a defendant could raise deficiencies in a police officer's sworn report, even though such issue was not enumerated in section 2—118.1(b). The court relied upon another portion of the statute that provided the hearing "may be conducted upon a review of the law enforcement officer's own official reports." 625 ILCS 5/2—118.1(b) (West 1996). The court stated: "It would seem incongruous to permit conducting a hearing based on a report and yet not permit examination of whether the report was properly sworn." *Badoud*, 122 Ill. 2d at 54, 521 N.E.2d at 886.

We conclude the permissible scope of a summary suspension hearing is not strictly limited to the issues enumerated in section 2—118.1(b). Defendant may raise another issue if it concerns a mandatory provision that the summary suspension is predicated upon. In accordance with *Hamilton* and *Badoud*, the legislature did not intend to exclude from consideration such issues. Therefore, whether defendant may raise the issue of the Department's failure to designate chemical tests depends on whether the designation provision is deemed "mandatory."

■ The implied consent statute provides that the law enforcement agency "shall" designate which chemical tests it will use. Use of the word "shall" is generally regarded as mandatory; however, it does not have a fixed or inflexible meaning and may be regarded as merely directory. *Stull v. Department of Children & Family Services*, 239 Ill. App. 3d 325, 332, 606 N.E.2d 786, 791 (1992). The provision should be given a mandatory meaning if the conduct was prescribed to safeguard someone's rights, which might be injuriously affected by a failure to abide by the provision's directives. *Andrews v. Foxworthy*, 71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335 (1978). Conversely, the word "shall" may be deemed directive when "the provision merely directs a

manner of conduct for the guidance of public officials or where the section is designed to secure order, system, and dispatch in proceedings." *Stull*, 239 Ill. App. 3d at 332, 606 N.E.2d at 791.

We conclude the legislature did not intend the designation requirement to be mandatory and defendant may not raise the issue at a rescission hearing. The implied-consent statute specifically conditions consent to testing on three issues: (1) whether the driver is on a public highway of Illinois; (2) whether the driver was arrested; and (3) whether the testing procedures of section 11—501.2 are met. 625 ILCS 5/11—501.1(a) (West 1996). The statute does not condition consent on the designation of chemical tests. In defendant's case, the three conditions were met and she consented to any or all three tests. Therefore, she was not injuriously affected by which test was actually used or by the Department's failure to designate which test should be used.

We conclude the legislature intended the designation requirement to "direct[ ] a manner of conduct for the guidance of public officials" (see *Stull*, 239 Ill. App. 3d at 332, 606 N.E.2d at 791), not to protect any right or to give drivers a right to withhold consent to testing or rescind a suspended license. Had the legislature intended this result, the implied consent statute would have expressly conditioned summary suspension on designation or the summary suspension statute would have listed the issue as one to be raised at a rescission hearing. Statutes should be construed in conjunction with other statutes addressing the same subject. *Badoud*, 122 Ill. 2d at 55, 521 N.E.2d at 886.

Defendant argues the designation requirement should be construed as mandatory because it was created to protect a certain right. She argues it was meant to protect against police officers applying chemical tests with "unbridled discretion." She contends that such discretion is also an unreasonable seizure and a violation of the fourth amendment. U.S. Const., amend. IV. However, the Department's failure to designate which chemical tests it will use does not give police officers "unbridled discretion" to inflict intrusive chemical testing upon Illinois drivers. Before an officer may administer any chemical test, he must have probable cause to arrest the driver for drunk driving. 625 ILCS 5/11—501.1(a) (West 1996). Also, the implied-consent statute limits the methods of testing and puts drivers on notice that they may be subjected to any of three testing options. This adequately protects the public from arbitrary and unreasonable chemical testing. The purpose of the language is to make clear that the local law enforcement agency, not the driver, is the entity which gets to choose the test. Anyway, it is not clear that the

local law enforcement agency did not designate a test. The arresting officer asked defendant to take a breath test, and there has been no showing that the officer made that decision on his own or that his decision was contrary to agency policy. The officer was not required to produce some kind of document to show what test was designated.

Even if the designation requirement was mandatory and defendant could raise it at the rescission hearing, she fails to show how she was prejudiced or injuriously affected in any way. Defendant refused to take the breath test, which she concedes in her appellate brief is "indisputably the least intrusive chemical test." Clearly, the legislature did not intend to provide defendant the remedy of rescission of her suspended license in such an instance.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.