THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. REBECCA L. DELCORSE, Defendant-Appellee (George H. Ryan, Secretary of State, Appellant).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JOEL P. AVEY, Defendant-Appellee (George H. Ryan, Secretary of State, Appellant).

Second District   Nos. 2—98—0755, 2—98—1046 cons.

Opinion filed June 3, 1999.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Monique N. O'Toole and Michael P. Doyle, Assistant Attorneys General, of counsel), for the People.

Rebecca L. Delcorse, of Naperville, appellee *pro se.*

Joel P. Avey, of Hanover Park, appellee *pro se.*

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

The Secretary of State (Secretary), George H. Ryan, appeals from the orders of the Du Page County circuit court directing him to issue defendants, Rebecca L. Delcorse and Joel P. Avey, judicial driving permits (JDPs) pursuant to section 6—206.1(a) of the Illinois Vehicle Code (Code) (625 ILCS 5/6—206.1(a) (West Supp. 1997)). In these consolidated appeals, the Secretary argues that Judge Perry Thompson erred when he directed the Secretary to issue the JDPs because section 6—206.1(a)(4)(iv) of the Code as amended (625 ILCS 5/6—206.1(a)(4)(iv) (West Supp. 1997)) prohibited the issuance of JDPs to defendants who were each under 18 years of age at the time. The Secretary alternatively argues that the "zero tolerance" statute (625 ILCS 5/11—501.8(d) (West Supp. 1997)) also prohibited the issuance of Delcorse's JDP. We agree with both arguments and reverse Judge Perry Thompson's orders.

Although neither defendant has filed an appellee's brief, we will decide the merits on appeal because the issues are sufficiently simple that we do not need the aid of an appellee's brief. *People v. Schmidt,* 286 Ill. App. 3d 322, 323 (1997), citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.,* 63 Ill. 2d 128, 133 (1976).

Incident to unrelated traffic stops, defendants were each charged with driving under the influence of alcohol (DUI) pursuant to section 11—501(a) of the Code (625 ILCS 5/11—501(a) (West Supp. 1997)). The arresting officers' sworn reports noted that defendants failed roadside sobriety tests, and chemical testing revealed that Delcorse had a blood-alcohol concentration (BAC) of 0.12 and Avey had a BAC of 0.18. The reports also noted that the officers warned defendants that, because each was under 21 years of age, his or her license would be suspended under sections 6—208.2(a) (625 ILCS 5/6—208.2(a)

(West 1996)) and 11—501.8(d) of the Code if testing disclosed his or her BAC to be greater than 0.00. Pursuant to section 11—501.1(h) of the Code (625 ILCS 5/11—501.1(h) (West 1996)), the Secretary subsequently notified defendants that their driving privileges had been summarily suspended under section 11—501.1(e) of the Code (625 ILCS 5/11—501.1(e) (West 1996)).

On April 14, 1998, the trial court ordered the Secretary to issue Delcorse a JDP pursuant to section 6—206.1(a) of the Code. Delcorse was 16 years of age at the time. On June 22, 1998, the trial court ordered the Secretary to issue a JDP to Avey, who was 17 years of age at the time. In each case, the Secretary notified the trial court that defendants were not eligible for JDPs because section 6—206.1(a)(4)(iv) of the Code, as amended by Public Act 90—369, effective January 1, 1998, prohibited the issuance of a JDP to anyone under the age of 18.

On May 5, 1998, the trial court entered an additional order directing the Secretary to issue a JDP to Delcorse, who was then 17 years of age. On July 10, 1998, the trial court again ordered the Secretary to issue a JDP to Avey, who was then 17 years old. On May 21, 1998, the Secretary issued Delcorse a JDP which was to terminate on July 8, 1998. The Secretary failed to issue Avey a JDP. The Secretary timely filed notices of appeal, and we consolidated the causes.

No constitutional issues are raised in this appeal, and none are decided. However, the Secretary contends that the trial court erred by directing the Secretary to issue defendants JDPs pursuant to section 6—206.1(a) of the Code because defendants were under 18 years of age at the time. We agree.

■ On January 1, 1998, Public Act 90—369 became effective; it added subsection (iv) to section 6—206.1(a)(4) thereby prohibiting the issuance of a JDP to any minor. Section 6—206.1(a)(4)(iv) as amended provides that the court "shall not" issue an order granting a JDP to any person "under the age of 18 years." 625 ILCS 5/6—206.1(a)(4)(iv) (West Supp. 1997).

■ Because section 6—206.1(a)(4)(iv) is clear and unambiguous, a reviewing court may not restrict or enlarge the plain meaning of the statute. *Board of Education of Rockford School District No. 205 v. Regional Board of School Trustees*, 135 Ill. App. 3d 486, 490 (1985). The plain meaning of the words "shall not" clearly suggests that the legislature intended that there be no exceptions to section 6—206.1(a)(4)(iv). Furthermore, the record on appeal does not reveal Judge Perry Thompson's rationale for interpreting the statute as he did. Because the plain meaning of section 6—206.1(a)(4)(iv) as amended clearly prohibits the issuance of a JDP to any person under

18 years of age, we conclude that the trial court committed reversible error when it directed the Secretary to issue a JDP to each defendant.

The Secretary alternatively argues that the trial court erred when it ordered the issuance of Delcorse's JDP because section 11—501.8(d) of the Code, the "zero tolerance" statute, does not provide for the issuance of a JDP to a 17-year-old defendant who has a BAC greater than 0.00. We agree.

Section 11—501.8(d) provides that the Secretary shall suspend the driving privileges of a defendant who is under 21 years of age and who submits to testing that reveals her BAC to be more than 0.00. The Appellate Court, Third District, has recently decided that section 11—501.8(d) does not provide for the issuance of a JDP to a defendant who is under 21 years of age and has a BAC above 0.00. *Schmidt*, 286 Ill. App. 3d at 324.

The 20-year-old defendant in *Schmidt* submitted to testing that revealed he had a BAC of 0.165. The Secretary suspended the defendant's driving privileges pursuant to both the section 11—501.8 "zero tolerance" statute and the section 11—501.1 summary suspension statute. *Schmidt*, 286 Ill. App. 3d at 323. Although the Secretary notified the trial court that the defendant was ineligible for a JDP, the trial court directed the Secretary to issue a JDP to the defendant. *Schmidt*, 286 Ill. App. 3d at 323. The court in *Schmidt* concluded that the defendant would normally have been eligible to receive a JDP to relieve the section 11—501.1 summary suspension, but the JDP he received was invalid because it could not relieve the section 11—501.8 "zero tolerance" suspension. *Schmidt*, 286 Ill. App. 3d at 324.

Here the record indicates that the Secretary likewise suspended Delcorse's driving privileges under both the summary suspension statute and the zero tolerance statute. The Secretary delivered to Delcorse a written confirmation of summary suspension under section 11—501.1, and the arresting officer warned Delcorse that her driving privileges would be suspended under section 11—501.8 if her BAC was greater than 0.00. In agreement with the decision in *Schmidt*, we conclude that section 11—501:8 proscribes the issuance of a JDP to Delcorse because the Secretary suspended her driving privileges under sections 11—501.1 and 11—501.8.

For the foregoing reasons, the Du Page County circuit court's orders directing the Secretary to issue each defendant a JDP are reversed.

Reversed.

INGLIS and McLAREN, JJ., concur.