2021 IL App (2d) 200743-U
No. 2-20-0743
Order filed September 7, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of De Kalb County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-DT-159 |
| | ) | |
| MATTHEW R. ORZECHOWSKI, | ) | Honorable |
| | ) | Joseph C. Pedersen, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Zenoff and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  An unsworn police report was an "official report" on which the trial court could rely at a hearing on a petition to rescind a cannabis-related summary suspension. By contrast, a video recording from a squad-car camera was not an "official report."

¶ 2    The State appeals from the trial court's ruling, at a rescission hearing under section 2-118.2(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2-118.2(b) (West 2018)), that an officer's unsworn police report and a squad-car camera recording were not the officer's "official reports," which the trial court can consider at a hearing under section 2-118.2(b). The State argues that the ordinary meaning of "official reports" includes police reports, sworn or unsworn. It further

argues that, given the high evidentiary value of squad-car videos, as recognized by both our supreme court and our legislature, such videos should be deemed "official reports." Given the nature of the issue on appeal and defendant's failure to file an appellee's brief, we review for *prima facie* error (see *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)). We hold that it was *prima facie* error for the trial court not to regard the unsworn police report as an "official report" under section 2-118.2(b) of the Code. However, we hold that it was not *prima facie* error for the trial court not to regard the squad-car video as an "official report." We thus vacate and remand for a hearing at which the police report will be admissible along with any other "official reports," as we construe that term.

¶ 3                                I. BACKGROUND

¶ 4     Defendant was charged by complaint with one count of driving under the influence of cannabis (625 ILCS 5/11-501(a)(4) (West 2018)). His driver's license was summarily suspended per statute. Later, he petitioned to rescind the suspension. The trial court held a hearing on the petition following the procedures of section 2-118.2 for challenging a cannabis-related suspension. The arresting officer was not present, and defendant waived his right to subpoena the officer. Section 2-118(b) provides that "[t]he hearing may be conducted upon a review of the law enforcement officer's own official reports." 625 ILCS 5/2-118.2(b) (West 2018). The State offered into evidence the officer's unsworn (or narrative) report, his sworn report, and a squad-car video. Defendant asked the court to consider only the sworn report, contending that the phrase "official reports" did not encompass the unsworn report or the squad-car video. The State argued otherwise, but the trial court ultimately agreed with defendant. The court then found that the sworn report did not itself show that "the officer had reasonable suspicion to believe that [defendant] was driving or in actual physical control of a motor vehicle upon a highway while impaired by the use

of cannabis." 625 ILCS 5/2-118.2(b)(2) (West 2018). Therefore, the court rescinded defendant's statutory summary suspension. The State filed a timely notice of appeal.

¶ 5                                II. ANALYSIS

¶ 6     On appeal, the State argues that both the unsworn police report and the squad-car video met the definition of an "official report" under 2-118.2(b) and, thus, the trial court erred in excluding them.

¶ 7     Defendant has not filed a brief, and thus we apply the following guidelines in *Talandis* for resolving an appeal in the absence of an appellee's brief:

> "We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so. Also, it seems that if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. *In other cases*[,] if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record[,] the judgment of the trial court may be reversed." (Emphasis added.) *Talandis*, 63 Ill. 2d at 133.

In these circumstances, justice does not require us to advocate for defendant. Nor are the issues on appeal simple enough for us to decide them easily without the aid of an appellee's brief. Therefore, we will reverse only if the State demonstrates *prima facie* error.

¶ 8     Section 2-118(b) provides that a hearing to rescind a cannabis-related suspension of driving privileges "may be conducted upon a review of the law enforcement officer's own official reports." 625 ILCS 5/2-118.2(b) (West 2018). The State's argument requires us to ascertain the meaning of "official reports."

¶ 9 Statutory interpretation presents a question of law that is subject to *de novo* review. *People v. Clark*, 2019 IL 122891, ¶ 17. "The primary objective of statutory construction is to ascertain and give effect to the true intent of the legislature," and "[a]ll other canons and rules of statutory construction are subordinate to this cardinal principle." *Clark*, 2019 IL 122891, ¶ 18.

> "The most reliable indicator of legislative intent is the language of the statute, giv[ing that language] its plain and ordinary meaning. A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. Also, a court presumes that the General Assembly did not intend absurdity, inconvenience, or injustice in enacting legislation." *Clark*, 2019 IL 122891, ¶ 20.

¶ 10 The Code does not define "official report." The State points us to dictionary definitions. When a statutory term is undefined, courts may consult dictionary definitions to ascertain the plain and ordinary meaning of the term. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 8 (2009). "Official" is defined as "of or relating to an office, position, or trust" or as "authoritative, authorized." See Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/official (last visited Aug. 24, 2021) [https://perma.cc/HWC2-PCCC]. "Report" is defined as "a usually detailed account or statement." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/report (last visited Aug. 24, 2021) [https://perma.cc/27NB-QQRF]. An "account" is "a description of facts, conditions, or events." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/account (last visited Aug. 24, 2021) [https://perma.

cc/HJM4-HSSC]. A "statement" is simply "something that was said." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/thesaurus/statement (last visited Aug. 24, 2021) [https://perma.cc/R4KA-7QH2]. We agree with the State that a police report is, by its nature, an "official report." We also agree that "official report" cannot sensibly be read to include a sworn police report but to exclude an *unsworn* police report. "Official" and "sworn" are not synonyms in any context. Moreover, the Code defines "sworn report" as "[a] confirmation of correctness and truth by an affidavit, oath, deposition or a verification by certification executed pursuant to Section 1-109 of the Code of Civil Procedure [735 ILCS 5/1-109 (West 2018)]." 625 ILCS 5/1-204.1 (West 2018). As the State notes, the legislature could have easily used "sworn report" rather than "official report" if it had wanted to exclude unsworn reports.

¶ 11    The State cites several cases to show that "official reports" are not limited to sworn reports. Some of these cases are not on point. For instance, the issue in *People v. Ullrich,* 328 Ill. App. 3d 811, 815 (2002), was whether the trial court, in a rescission hearing under section 2-118.1(b) of the Code (625 ILCS 5/2-118.1(b) (West 2000)), violated the defendant's due process right by considering "unsworn police reports and hearsay contained in the officer's sworn reports." The court held that the hearsay concerns were alleviated by the right of the defendant to subpoena the officer. *Ullrich*, 328 Ill. App. 3d at 825. Having determined that the trial court properly relied on the sworn reports, the court declined to address the admissibility of the unsworn reports, the content of which was cumulative to the sworn reports. *Ullrich*, 328 Ill. App. 3d at 821 n.4.

¶ 12    Much more pertinent is *In re Summary Suspension of Driver's License of Vaughn*, 164 Ill. App. 3d 49 (1987). *Vaughn*, like *Ullrich*, concerned a rescission hearing under section 2-118.1(b) of the Code (Ill. Rev. Stat. 1985, ch. 95½, ¶ 2-118.1(b) (now codified at 625 ILCS 5/2-118.1(b) (West 2018))). Section 118.1(b) contained the same language at issue here: "[t]he hearing may be

conducted upon a review of the law enforcement officer's own official reports." *Vaughn*, 164 Ill. App. 3d at 52 (quoting Ill. Rev. Stat. 1985, ch. 95½, ¶ 2-118.1(b)). The defendant in *Vaughn* argued that his sworn testimony at the rescission hearing was inherently more reliable than the unsworn police reports on which the State relied. The Fourth District disagreed, interpreting section 2-118.1(b) to allow the admission of the unsworn reports and to leave to the trier of fact the relative weight given such reports. *Vaughn*, 164 Ill. App. 3d at 52.

¶ 13    In *People v. Gafford*, 218 Ill. App. 3d 492, 499 (1991), the defendant argued for the first time in his reply brief that the officer's unsworn police report should not have been admitted under section 2-118.1(b). We considered the argument forfeited, but we noted with approval that *Vaughn* held "that unsworn police reports may properly be admitted in a summary suspension proceeding." *Gafford*, 218 Ill. App. 3d at 499. Given the plain meaning of "official reports" and the holding in *Vaughn*, we conclude that the State has shown *prima facie* error in the trial court's exclusion of the unsworn report.

¶ 14    We note our holding is limited to the conclusion that section 2-118.2(b) does not bar the use of unsworn police reports. However, nothing herein should be construed to imply that that police reports or parts of police reports may not otherwise be inadmissible for reasons such as their including matters outside the scope of the hearing.

¶ 15    We take a different view of the State's argument that the trial court should have admitted the squad-car video as an "official report." A squad-car video does not fit any of the dictionary definitions upon which the State relies. It is not a description, a narrative, or something that was said. See *supra* ¶ 10. As noted, we agree with the State's observation that, if the legislature meant to limit the trial court to sworn reports, it could have simply said so. By that same logic, if the

legislature meant to include squad-car videos, it could have referred to "records" rather than "reports."

¶ 16    The State asserts, however, that both our supreme court and our legislature have recognized the evidentiary value of law enforcement recordings. See *People v. Kladis*, 2011 IL 110920, ¶¶ 28, 30 (noting the value of law enforcement recordings as providing "an objective view of the facts in a case" and observing that the legislature has taken steps to preserve such recordings). Based on this recognition, the State argues, "routine video recordings made of traffic stops should undoubtedly be considered as part of the 'official reports' of an interaction between a citizen and police officer." However, the State does not discuss how the principles of statutory interpretation would allow us to deem a squad-car video to be an "official report." Further, the State does not supply any case law that supports an interpretation of "official reports" to include squad-car videos. Although it might be good policy to use such a recording as an "official report," we cannot determine that that was the legislature's intent. We, therefore, conclude that the State has not shown *prima facie* error in the trial court's conclusion that the squad-car video was not an "official report."

¶ 17                                    III. CONCLUSION

¶ 18    For the reasons stated, we vacate the rescission of defendant's statutory summary suspension and remand the matter for a new hearing under section 2-118.2(b) consistent with our interpretation of "official reports."

¶ 19    Vacated and remanded with directions.